IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAMMIE DURANT, ] | |
| ] | |
| Movant, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. 00-SLB-RRA-8035-E |
| ] | CRIMINAL NO. 98-B-0236-E |
| ] | |
| THE UNITED STATES OF AMERICA, ] | |
| ] | |
| Respondent. ] | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Sammie Durant, was convicted in this court on October 26, 1998, of possession with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(Count 3).  He was sentenced on January 7, 1999, to a term of imprisonment for 240 months.

On appeal, Durant claimed that: 1) the evidence was insufficient to support his conviction; 2) the trial court erred in finding that he had knowingly and intelligently waived his *Miranda* rights; 3) the trial court abused its discretion by admitting evidence of his prior drug use; 4) the trial court abused its discretion by admitting an out-of-court statement of a co-conspirator; and 5) the trial court abused its discretion in admitting evidence regarding the amount of cocaine purchased in the transaction.  The United States Court of Appeals for the Eleventh Circuit affirmed Durant's conviction and sentence on September 3, 1999.

In support of his § 2255 motion, Durant claims that his attorney was ineffective for failing to argue that: 1) the court's imposing a § 2D1.1 enhancement pursuant to the provision of crack cocaine without the government filing a notice of intent rendered the court without jurisdiction to impose the sentence; 2) the court could have departed from the minimum mandatory sentencing guideline pursuant to U.S.S.G. § 3B1.1(a) for a minimal participant role and U.S.S.G. § 4A1.3 where a defendant's criminal history over-represents his "criminal likelihood;" 3) the court used an invalid conviction during sentencing to enhance his statutory minimum sentence from 10 years to life to 20 years to life; 4) the court erroneously contributed 51.2 grams of cocaine base instead of 46.1 grams of cocaine base; and 5) the court gave an erroneous jury instruction or constructively amended the indictment with regard to aiding and abetting. (Doc. 153.)[1]

In response to the court's order to show cause, the respondent has filed an answer in which it argues that the motion to vacate is due to be denied. Durant has filed a traverse in response to the answer.

On May 25, 2001, Durant filed a "Motion to Modify or Supplemental the Authority," (doc. 166) which was granted on May 31, 2001. (Doc. 167.) On August 19, 2004, he filed a "Motion to Supplemental [sic] Authority Pursuant to Title 28 U.S.C. § 2255, Rule 7," in which sought to add a claim that he was sentenced in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Doc.

---

[1]*Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254 (2005) are merely extensions of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and do not apply retroactively on collateral review. See, *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (*Blakely* does not apply retroactively on collateral review); *Kaufmann v. United States*, 282 F.3d 1336 (11th Cir.), *cert. denied,* 537 U.S. 875 (2002) (*Apprendi* does not apply retroactively on collateral review.) Moreover, *Dodd v. United States*, __U.S. __, 125 S. Ct. 2478 (2005) is inapplicable as *Shepard*, like *Apprendi*, does not establish a new right.

202.) That motion was granted on August 18, 2004. (Doc. 203.) On July 27, 2005, Durant filed another pleading entitled "Motion to Supplemental [sic] Authority Pursuant to Title 28 U.S.C. § 2255, Rule 7." In this motion, he seeks to add a claim that he was sentenced in violation of "*U.S. v. Shepard*, 161 L. Ed. 2d 205 (2005) and *U.S. v. Dodd*." The motion was granted on August 25, 2005.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not

be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)).  In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances.  *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice.  Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice.  *Strickland,* 466 U.S. at 691-92.  In order to establish actual prejudice, a petitioner must show that "there is a reasonable probability that but for the attorney's unprofessional errors, the result of the proceeding would have been different."  *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994).  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.  *Strickland,* 466 U.S. at 694.  Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993)).  "In other words, a 'counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect.'"  *Weekley v. Jones*, 56 F.3d 889, 897 (8th Cir. 1995)(*quoting Fretwell*, 113 S. Ct. at

842). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

Durant first argues that his attorney was ineffective for failing to argue that the court's imposing a § 2D1.1 enhancement "pursuant to the provision of crack cocaine without the government filing notice of intent to enhance his sentence" rendered the court without jurisdiction to impose the sentence. (Doc. 153 at 5.) However, an enhancement pursuant to § 2D1.1 was not imposed in his case. Therefore, his attorney was not ineffective for failing to make such an objection.

Durant next claims that his attorney was ineffective for failing to argue that the court could have departed from the minimum mandatory sentencing guideline pursuant to U.S.S.G. § 3B1.1(a) for a minimal participant role and U.S.S.G. § 4A1.3 where a defendant's "criminal history over-represents his criminal likelihood." *Id.*[2] Title 18, United States Code, Section 3553 gives the court the authority to depart below a statutory guideline in sentencing only in certain circumstances:

> (f) Limitation on applicability of statutory minimums in certain cases.-- Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

---

[2]United States Sentencing Guidelines § 4A1.3(b)(1) provides that "[i]f reliable information indicates that the defendant's criminal history or the likelihood that the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

A defendant must comply with all of these requirements to be allowed to benefit from this statute. Durant does not meet § 3553(f)(1) because he has more than one criminal history point, due to several prior convictions. Moreover, he has offered nothing to indicate that he complied with § 3553(f)(5). Because Durant is not entitled to benefit from § 3553, his attorney was not ineffective for failing to make such a claim.

He next argues that his attorney was ineffective for failing to argue that the court used an invalid conviction during sentencing to enhance his statutory minimum sentence from 10 years to life to 20 years to life. Specifically, he contends that "his May 11, 1988 conviction is unconstitutional because he was induced to plead guilty by counsel with a conflict of interest that resulted in the denial of his constitutional right to the effective assistance of counsel." He adds that

the judge had the discretion to entertain this claim. However, 21 U.S.C. § 851(e) provides as follows:

> (e) Statute of limitations
>
> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Durant's prior conviction occurred in 1988, well before the five year limit. Therefore, his attorney was not ineffective for failing to make such an argument.

Durant next claims that his attorney was ineffective for failing to argue that the court erroneously contributed 51.2 grams of cocaine base instead of 46.1 grams of cocaine base. He contends that he should have only been sentenced for 46.1 grams of cocaine base instead of 51.2 grams, because the government only produced 46.1 grams at his trial. Apparently, the government's forensic expert used 5.1 grams of the cocaine base for testing. The record shows that George Lester, the forensic chemist who analyzed the drugs in this case, testified that the net weight of the drugs submitted to him for testing was 51.2 grams of cocaine base. Trial Transcript, pp. 94, 97, 101, 103, and 104. There is nothing to indicate that the original 51.2 grams of cocaine base were not properly attributable to Durant. Thus, his attorney was not ineffective for failing to object to amount of cocaine base.

Finally, Durant claims that his attorney was ineffective for failing to argue that the court gave an erroneous jury instruction or constructively amended the indictment with regard to aiding and abetting. He contends that although the indictment did not charge him with aiding and abetting, the evidence presented at trial "showed if any that Durant aided and abetted John Kennedy Robinson," but the jury was charged on possession rather than aiding and abetting. The statute pursuant to

which Durant was charged and convicted, 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally–

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The government was not required to allege aiding and abetting in the indictment in order for Durant to be convicted under § 841(a)(1) and there was no need for an instruction to the jury on aiding and abetting. Therefore, Durant's attorney was not ineffective for failing to make these baseless arguments.

## STATUTE OF LIMITATIONS

Durant's remaining claims, that he was sentenced in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and that he was sentenced in violation of "*U.S. v. Shepard*, 161 L. Ed. 2d 205 (2005) and *U.S. v. Dodd*," are barred by the statute of limitations. Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to habeas corpus procedure. The AEDPA amended 28 U.S.C. § 2255 to read in part, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Durant's sentence became final on December 2, 1999, when the ninety days in which he could have filed a petition for a writ of certiorari to the United States Supreme Court expired. Thus, the one-year limitations period began running that day and expired on December 2, 2000. Durant's original motion was timely filed. However, his various supplements to his original motion were not filed until after December 2, 2000.

New claims raised in an amended § 2255 motion will relate back to the original motion and be considered timely filed if they "arise from the 'same core facts,' and [do] not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Mayle v. Felix*, 125 S. Ct. 2562, 2570 (2005).

>[F]or an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type."

*Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)(citations omitted).

The claims raised in Durant's supplements do not arise from the same set of facts as his original claims of ineffective assistance of counsel. As a result, the claims presented in his supplemental motions do not relate back to the date of his timely filed § 2255 motion, and are time-barred under the AEDPA.

## CONCLUSION

In accordance with this Memorandum Opinion, the motion to vacate is due to be denied.

An appropriate Order will be entered.

**DONE** this 9th day of September, 2005.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE